**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Frank J. Stefanik,** | ) | **CASE NO.  1:13 CV 249** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **The Ford Motor Company,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant.** | ) | |

### Introduction

This matter is before the Court upon defendant's Motion for Judgment on the Pleadings (Doc. 5).  This case arises out of plaintiff's retirement from his employment with defendant.  For the following reasons, the motion is GRANTED.

### Facts

Plaintiff Frank J. Stefanik filed his Complaint against defendant The Ford Motor Company in the Cuyahoga County Common Pleas Court.  The matter was removed to this

Court on the basis of diversity of citizenship.[1]

The Complaint sets forth three claims for relief and alleges the following.

Count One alleges breach of contract. It states that plaintiff was an employee of defendant from 1978 until 2007 by virtue of an employment contract and/or implied employment contract. Pursuant to that agreement, defendant had a duty to deal with plaintiff fairly, honestly, in good faith, and without material misrepresentations. Defendant breached the employment contract when it dealt with plaintiff in bad faith, misrepresented facts, and was dishonest with plaintiff.

Count Two alleges fraud. It states that defendant made false and/or misleading statements or promises to plaintiff on January 2, 2007 when Diane Nickles, an employee of defendant, told plaintiff that "no extensions, modifications, negotiations[,] or discussions of changes to the 2006 Window Retirement package were possible."

Count Three alleges negligent infliction of emotional distress. It states that defendant "was callous and indifferent in lying to the plaintiff regarding a matter of grave financial import."

Defendant filed an Answer, attaching a 2006 Salaried Retirement Window Program Waiver and Release Agreement (the Waiver) signed by plaintiff on January 29, 2007.

In his brief, plaintiff sets forth the following background facts which apparently serve to clarify his Complaint. In January 2007, employees at plaintiff's plant were offered an early

---

[1] Plaintiff previously filed a very similar complaint in a *pro se* capacity. After defendant filed a motion for judgment on the pleadings, plaintiff voluntarily dismissed the complaint. The action was re-filed with an attorney representing plaintiff.

2

retirement package known as the 2006 Window Retirement Package. The proposal stated that the plan was voluntary, but "involuntary programs" may be required if the plan was declined. Plaintiff was offered the plan and given until February 28, 2007 to accept it. He was several months away from receiving full retirement benefits, and the package would reduce his benefits. Plaintiff requested an extension of the February 28 deadline so that he could train others to do his job in the department and to enable him to retire with full benefits. In a January 22, 2007 email, Diane Nickles, an employee in the human resources department, warned plaintiff that the deadline was mandatory. As a result, he felt compelled to accept the plan. Plaintiff also signed the Waiver. Plaintiff later learned, in August 2008, that defendant had granted extensions to other employees which allowed them to reach their full retirement.

This matter is now before the Court upon defendant's Motion for Judgment on the Pleadings.

**Standard of Review**

A "motion for judgment on the pleadings under Rule 12(c) is generally reviewed under the same standard as a Rule 12(b)(6) motion."*Mellentine v. Ameriquest Mortg. Co.,* 2013 WL 560515 (6th Cir. February 14, 2013) (citing *EEOC v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir.2001)):

> The court must construe the complaint in a light most favorable to the plaintiff and accept all factual allegations as true. The factual allegations must raise a right to relief above the speculative level. In other words, the Rule 12(b)(6) standard requires that a plaintiff provide enough facts to state a claim to relief that is plausible on its face.
>
> While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. Bare allegations without a factual context do not create a plausible claim. A complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory. The bare assertion of legal conclusions is not enough to constitute a claim for relief.

3

(*Id.*) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 566 U.S. 662 (2009)(other citations and internal quotations omitted).

**Discussion**

As an initial matter, plaintiff agrees that Count Three fails to state a claim. Therefore, the Court proceeds as to Counts One and Two only.

Defendant argues that plaintiff's remaining claims for breach of contract and fraud are barred by the Waiver he signed which states in part, "In consideration of the Window benefits... I waive and release any ... claims... against Ford... includ[ing] any common law actions relating to employment... any claims for breach of employment contract...or tort-based claims..." (Answer Ex. A) Defendant maintains that plaintiff's claims for breach of contract and fraud stem from plaintiff's employment with defendant, and these were released when plaintiff signed the Waiver as part of his election to participate in the 2006 Salaried Retirement Window Program.

In general, an employee is barred from bringing claims against a former employer when the employee has agreed to waive all claims in a signed release. *See The Kellogg Company v. Sabhlok*, 471 F.3d 629 (6th Cir. 2006) (Employee's breach of contract claim was barred by a separation agreement he signed which contained a release of claims provision.) Plaintiff, however, argues that fraud in the factum voids the release. He relies on *Haller v. Borror Corporation,* 50 Ohio St.3d 10 (1990), which states, "A release is obtained by fraud in the factum where an intentional act or misrepresentation of one party precludes a meeting of the minds concerning the nature or character of the purported agreement." In such a case, the release obtained is void *ab initio.*

Plaintiff argues there was fraud in the factum based on the following. A material part of the Waiver was the deadline to agree to the package. Plaintiff specifically requested an extension of the deadline, but was told that it could not be extended. Plaintiff relied on the direct representation of defendant, and accepted the buyout and signed the Waiver. The misrepresentation that no extension would be given was fraudulent because plaintiff later learned that defendant had granted extensions to several employees which allowed them to make their 30 years for full retirement.

In *Haller, supra,* the court stated, "Where device, trick, or want of capacity produces no knowledge on the part of the releasor of the nature of the instrument, or no intention on his part to sign a release or such a release as the one executed, there has been no meeting of the minds." *Id.* (citations omitted)  Consequently, plaintiff's assertions are unavailing to establish fraud in the factum. Plaintiff does not dispute that he knew that he was signing a waiver, but rather asserts that he was mislead as to a deadline for accepting the retirement package. On this basis, there was not a preclusion as to a meeting of the minds concerning the nature of the Waiver as required in *Haller*. Because plaintiff does not assert that he had no knowledge of the nature of the Waiver, or that he was releasing his claims, there was no fraud in the factum.

Plaintiff refers to fraud in the inducement. The facts asserted by plaintiff support a fraud in the inducement argument. "Fraud in the inducement occurs when one party, who admits that they released their claim for damages and received consideration for their release asserts that they were induced to do so by another party's fraud or misrepresentation." *Turner v. Savlagnini America, Inc.,* 2008 WL 2789290 (Ohio App. 12th Dist. July 21, 2008) (citations

5

omitted) "The fraud relates not to the nature or purport of the release, but to the facts inducing its execution." *Id.* But, "[i]n order to maintain an action for fraud in the inducement, a party must return the consideration they received for the release." *Id. See also Haller,* 50 Ohio St.3d at 14 ("A release of liability procured through fraud in the inducement... can be contested only after a return or tender of consideration.")

Plaintiff has not asserted, or pleaded any facts, showing that he tendered back the lump sum payment he received in connection with his participation in the retirement program. Because the consideration he received for the release has not been returned, plaintiff cannot avoid the release on the basis of fraud in the inducement.

For these reasons, plaintiff's claims for breach of contract and fraud are barred. Even assuming plaintiff did not release his claims, the Complaints fails to state a claim for breach of contract or fraud.

As to breach of contract, defendant contends that plaintiff pleads no facts showing the existence of an employment contract. He does not attach a copy of such, set forth its terms, or overcome the presumption that plaintiff's employment was at-will. Nor, defendant contends, does plaintiff plead facts demonstrating how the contract was breached.

Plaintiff argues that he had an implied employment contract "through the form of memos, a handbook[,] and other materials." (Doc. 10 at 3-4) Plaintiff asserts that "the evidence will show that such an employment contract existed." As to the pleading of the breach, plaintiff maintains that he has adequately plead that by misconstruing plaintiff's right to obtain an extension regarding acceptance of the retirement package, defendant breached the employment contract. Finally, plaintiff states that he "is happy to amend his complaint if

more information is needed." (*Id.* 4)

Plaintiff's Complaint lacks any factual content that would allow this Court to draw the reasonable inference that plaintiff had an implied employment contract that was breached when defendant allegedly mislead plaintiff as to the deadline for accepting the 2006 Salaried Retirement Window Program. Moreover, in response to defendant's motion, plaintiff has not come forward with any assertion as to how a handbook, policy, memo, or oral representation created an employment contract. He, therefore, fails to state a claim for breach of contract.

With regard to fraud, defendant maintains that the claim is barred by the statute of limitations. This Court agrees.

Claims for fraud are subject to the four-year statute of limitations defined in Ohio Revised Code § 2305.09. *Patel v. Krisjal, LLC,* 2013 WL 1287344 (Ohio App.10th Dist. March 28, 2013) (citing *Mattlin Holdings, LLC v. First City Bank*, 189 Ohio App.3d 213 (10th Dist. 2010). The discovery rule can act to toll the statute of limitations for fraud claims. *Id.* (citing *Cundall v. U.S. Bank*, 122 Ohio St.3d 188 (2009). The time to bring an action does not begin to run until the plaintiff discovers, or through the exercise of reasonable diligence should have discovered, a possible cause of action. *Id.* (citations omitted).

Plaintiff's Complaint was filed on December 19, 2012. The fraud claim alleges, "On or about January 2, 2007 and at times thereafter, plaintiff was told by a Ford Motor Company employee, one Diane Nickles, that 'no extensions, modifications, negotiations[,] or discussions of changes to the 2006 Window Retirement package were possible.' " (Compl. ¶ 15) Plaintiff also alleges that his employment with defendant terminated in February 2007. Thus, since the only operative pleading in his Complaint involves events occurring in 2007,

7

the fraud claim is barred because it was filed more than four years later.

Although not plead in the Complaint, plaintiff asserts in his brief that his fraud claim is not barred by the statute of limitations because he did not discover the fraud until August 2008 when he learned that other employees had been granted extensions. Plaintiff, however, mistakenly believes that the statute of limitations is five years. (Doc. 10 at 4) Consequently, even assuming plaintiff did not discover the fraud until August 2008, the December 19, 2012 Complaint is still untimely.[2]

Defendant additionally maintains that the fraud claim is not plead with the required particularity. The Court need not reach this argument given that this claim is barred by the release and the statute of limitations.

**Conclusion**

For the foregoing reasons, defendant's Motion for Judgment on the Pleadings is

---

[2] Defendant does not acknowledge the possibility of Ohio's "savings statute" preserving this claim. Nor does plaintiff make such an argument. Notwithstanding, the Court finds that it does not apply to save the fraud claim. Generally, under the savings statute a cause of action that is dismissed pursuant to Civ.R. 41(A), may be refiled within one year and will be considered timely, as long as the previous cause of action was filed within the statute of limitations. *Kuhlman v. Findlay*, 2013 WL 684698 (Ohio App. 3d Dist. Feb. 25, 2013). Plaintiff's previous Complaint was filed on June 14, 2012, and dismissed on August 27, 2012. The herein action was filed on December 19, 2012. The previous Complaint contained a fraud claim. But, it made no mention of the January 2007 comment as a basis for the fraud. The Court cannot assume this comment was the grounds upon which the first fraud claim was based, especially given that a plaintiff must plead fraud with particularity. Specifically, a plaintiff must allege (1) the time, place, and content of the alleged misrepresentation on which he or she relied; (2) the fraudulent scheme; (3) the fraudulent intent of the defendants; and (4) the injury resulting from the fraud. *McLaughlin v. Chase Home Finance LLC,* 2013 WL 1003465 (6th Cir. March 14, 2013) (citing *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc*., 501 F.3d 493, 503 (6th Cir.2007)).

8

granted.

    IT IS SO ORDERED.


                        /s/ Patricia A. Gaughan
                        PATRICIA A. GAUGHAN
                        United States District Judge

Dated: 4/23/13